## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 18 CR 344 |
| v. | Judge Edmond E. Chang |
| SUZANA ARRINGTON | |

## UNITED STATES'S SENTENCING MEMORANDUM

Defendant Suzana Arrington has pleaded guilty to distributing cocaine in violation in 21 U.S.C. § 841(a)(1) and (b)(1)(C). Considering the substantial assistance that defendant has provided to the government since her indictment in this case, the government respectfully requests the Court to impose a below-Guidelines sentence of 12 months and one day of imprisonment, which is the same sentence recommended by Probation.

### I. Offense Background and Relevant Conduct

The government does not object to the facts set out in the Presentence Investigation Report and here sets out only those facts that are salient to sentencing.

Between January 2017 and April 27, 2018, defendant met with and sold various controlled substances to three individuals. The conduct began when the defendant sold various controlled substances to an individual (the "CS"), who then introduced her to two other individuals ("UCO-1" and "UCO-2"), to whom she also sold controlled substances. Unbeknownst to defendant, the CS was cooperating with law enforcement, and UCO-1 and UCO-2 were undercover law enforcement officers.

Defendant readily held herself out as someone who could obtain a wide variety of both pharmaceutical and street drugs. For example, during an October 11, 2017, meeting with the CS and UCO-2, defendant bragged that she had "the oxys, the roxys, anything you could think of. I can get ahold of lean, Adderall, Xanax, dilaudid, and I deal with regular joe schmoes and I am the middle man." Defendant's advertising was no exaggeration, as on at least eleven occasions she distributed a laundry list of controlled substances to either the CS or the undercover officers in exchange for nearly $60,000 in law enforcement buy funds. Defendant acknowledges that she distributed the following controlled substances:

 i. 33.7 grams of heroin;

 ii. 55.3 grams of cocaine base;

 iii. 365.24 grams of cocaine;

 iv. 25 tablets containing a detectable amount of N-ethylpentylone and methoxetamine, an analogue of MDMA;

 v. 8 fentanyl patches;

 vi. 181 tablets each containing 20 milligrams of oxycodone;

 vii. 315 tablets each containing 40 milligrams of hydromorphone;

 viii. 18 tablets each containing 30 milligrams of amphetamine;

 ix. 48 tablets each containing 10 milligrams of methylphenidate;

 x. 89 tablets each containing 10 milligrams of hydrocodone;

 xi. 36 strips containing a detectable amount of Buprenorphine/Naloxone;

 xii. 353 tablets containing a detectable amount of alprazolam;

xiii.    60 tablets containing a detectable amount of diazepam; and

xiv.    68 tablets containing a detectable amount of clonazepam.

## II.    Defendant's Cooperation

Since October 2019, defendant has been cooperating with law enforcement. She has been a reliable and credible source, and law enforcement agents have corroborated her information against their own investigation, evidence, databases, and surveillance. She identified new targets for law enforcement, testified before the grand jury, and made herself available to testify at trials and hearings. In short, defendant has ably accomplished essentially everything asked of her by law enforcement.

## III.    Procedural History

Defendant was indicted on September 9, 2018. ECF No. 22. Defendant pleaded guilty to Count 9 of the Indictment on February 18, 2020. ECF Nos. 53, 54. On the government's motion, the Court amended the indictment to strike the drug quantity allegation on August 31, 2022. ECF No. 87. A subsequent plea addendum conformed defendant's guilty plea to the amended indictment and included a cooperation agreement. *See* PSR at 178–82.

## IV.    Guidelines Calculation

The government concurs with the Probation Officer's calculation of the offense level. The government objects to defendant's criminal history calculation based on a recent amendment to the 2023 Unites States Sentencing Guidelines. Because defendant does not have seven or more criminal history points under § 4A1.1(a)

through (d), she no longer qualifies for any increase for committing the instant offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). Therefore, her criminal history points are 2 and her criminal history category is II. The combination of the defendant's total offense level of 19 and criminal history category of II yields an advisory guidelines range of 33 to 41 months of imprisonment.

## V.    Recommended Sentence

The government respectfully submits that a sentence of 12 months and one day of imprisonment is sufficient, but not great than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

### A. Argument Under 18 U.S.C. § 3553(a)

The totality of the § 3553(a) factors supports the government's recommended sentence. On the one hand, the aggravating circumstances of defendant's offense require a sentence of imprisonment to promote respect for the law. On the other hand, the history and characteristics of defendant, in particular her conduct since her arrest, indicate that defendant is capable of living as a law-abiding citizen, meaning that there is a reduced need to incapacitate, specifically deter, and rehabilitate defendant through imprisonment. Given these competing priorities, the government's recommended sentence of a modest but meaningful term of imprisonment— specifically 12 months and one day—is appropriate.

### *Nature and Circumstances of the Offense and Respect for the Law*

The aggravating circumstances of defendant's offense justify a sentence of imprisonment. First, defendant distributed the drugs at issue in this case while on probation for a state conviction for a similar offense, namely, manufacturing and

4

delivering heroin. PSR ¶ 37. Thus, defendant was a recidivist acting in defiance of a court order. Second, defendant turned to drug distribution solely for financial gain—there is no evidence that defendant was coerced, bullied, or pressured. Nor was her drug distribution the result of any addiction to controlled substances. PSR at ¶ 91. Rather, she voluntarily agreed to sell drugs to the CS and the undercover officers, and she even enthusiastically advertised her ability to get "anything [they] could think of." These aggravating circumstances of defendant's offense mean that a sentence of imprisonment is necessary to promote respect for the law.

<u>*History and Characteristics of the Defendant*</u>

Prior to her arrest in this case, defendant was on the wrong track in life, having already racked up several convictions, including for manufacturing and delivering heroin. PSR ¶¶ 34–38. However, since her arrest in this case, defendant has not accrued any additional violations of the law and has been receiving therapy to improve her mental and emotional health. PSR ¶¶ 86–89. And, most importantly, as detailed above, defendant has provided extensive cooperation to the government to advance multiple investigations. Thus, defendant appears to be making a sincere effort to transform herself into a law-abiding citizen.

As described in the PSR, defendant's background contains many mitigating circumstances relating to her childhood through her adult life. *See* PSR at ¶¶ 54–64. Although these hardships do not excuse defendant's conduct, they indicate that, from an early age, defendant was forced by circumstance into a position from which it would have been difficult to succeed. Because defendant has taken steps to address

the legacy of these adverse experiences, in particular by attending therapy, defendant has placed herself into a position where she is more likely to both enjoy personal success and adhere to the law. Consequently, defendant's history and characteristics indicate that there is a reduced need to incapacitate, specifically deter, and rehabilitate her as compared to a typical defendant convicted of drug distribution.

### B. U.S.S.G. § 5K1.1 Motion

Consistent with the plea agreement, and based on defendant's substantial assistance to the government, the government formally moves the Court to depart downward and sentence defendant to a term of imprisonment of one month and one day. As described above, defendant has been providing highly valuable assistance to multiple investigations for over four years, justifying the government's proposed departure from the Guidelines range. If requested, the government will provide the Court with more details regarding defendant's cooperation at the sentencing hearing.

### C. Supervised Release

The government concurs with the Probation Officer's recommendation of a 3-year term of supervised release. The government also agrees with all the mandatory, discretionary, and special terms of supervised release recommended in the PSR. In particular, special condition #12, requiring defendant to repay $59,480 in law enforcement buy funds that defendant received during the investigation of her offense, is appropriate in this case. *See* PSR at 32, 43; *see also* PSR at 35–159 (law enforcement reports documenting defendant's receipt of buy money).

6

## VI.    Conclusion

For the reasons set out above, the government respectfully requests that the Court impose a sentence of 12 months and one day of imprisonment and a 3-year period of supervised release. The government additionally requests that, as a condition of her supervised release, defendant be required to repay the $59,480 in law enforcement buy funds that she received during the commission of her offense.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: */s/ Charles D. Fox*
CHARLES D. FOX
Special Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-0973

Date: January 17, 2024