**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 18 CR 344 |
| v. | |
| SUZANA ARRINGTON | Judge Edmond E. Chang |

**UNITED STATES'S RESPONSE TO**
**DEFENDANT'S SENTENCING MEMORANDUM**

The Court should require defendant to repay the full amount of law enforcement buy money that she received during the investigation of her offense—money she received through criminal activity and to which she has no legal entitlement. Defendant does not contest that she received $59,480 in law enforcement buy funds during the investigation, nor that the Court may order her to repay those funds to the government as a special condition of supervised release.[1] ECF No. 113 at 8. Rather, she contends that the award should be reduced by: (1) an (unspecified) amount she allegedly split with a coconspirator; and (2) an (unspecified) amount of expenses she allegedly incurred during her cooperation. *Id.* at 7–8. Even if defendant can substantiate these claims,[2] they do not justify any reduction in the amount of the repayment order.

---

[1] Although Defendant refers to this award as "restitution," ECF No. 113 at 8, the Court can order the repayment of buy money only as a special condition of supervised release under 18 U.S.C. § 3583(d). *See United States v. Munoz*, 549 F. App'x 552, 554–55 (7th Cir. 2013) (explaining that courts cannot order the repayment of buy money as "restitution").

[2] The government is unaware of any factual basis for defendant's allegations, which are vague and conclusory.

To start, defendant's alleged split of the buy money she received with a coconspirator is simply irrelevant. The purpose of an order to repay buy money as a special condition of supervised release is to permit the government to recoup its investigation costs. *See United States v. Daddato*, 996 F.2d 903, 904 (7th Cir. 1993) (explaining that "the imposition of such a requirement . . . merely asks the defendant . . . to make good the expense to which he put the government by violating the laws that prohibit [drug] trafficking"); *United States v. Williams*, 739 F.3d 1064, 1067 (7th Cir. 2014) (noting that "the order to repay is a payback for a cost that [defendant's] crime imposed"). Thus, a repayment order should be determined based on the cost to the government—the total amount of buy money expended during the investigation—rather than the gain to a defendant from her offense.

Here, any amount of buy money that defendant shared with a coconspirator would have had no impact on the cost of the investigation to the government. Moreover, it was defendant, rather than the alleged coconspirator, who triggered these investigation costs, as she was the one dealing the drugs and receiving the buy money. *See* PSR at 35–159 (law enforcement reports documenting the relevant transactions). Thus, there can be no suggestion that defendant is unfairly shouldering the burden of a more culpable coconspirator; defendant chose to accept the buy money, and the government should not be prejudiced in its recovery of that money due to defendant's decision as to how to dispose of it.

Next, defendant's alleged unreimbursed expenses cannot be used as an offset against the amount of buy money she owes the government. Through these

allegations, defendant is essentially raising a civil breach-of-contract claim against the United States. *See* ECF No. 113 at 7–8. But there is no mechanism by which defendant can raise this claim in this criminal case; neither the Federal Rules of Criminal Procedure nor any other law contemplates such an action. *Cf.* Fed. R. Crim. P. 41(g) (authorizing motions for the return of improperly seized property); *United States v. Cook*, 406 F.3d 485, 488 (7th Cir. 2005) (explaining that, where defendant sought to offset the buy money he received from the government during the investigation of his offense by an amount the government had previously seized from his home, defendant would be required to first move under Rule 41(g)). If defendant wishes to press this claim, she must attempt to do so through a separate suit.

In short, defendant has not provided a basis for reducing the amount of the buy-money repayment order that holds up even in theory. Accordingly, the government respectfully respects that the Court order defendant to repay the government the full amount of the buy money she received, $59,480.

                                          Respectfully submitted,

                                          MORRIS PASQUAL
                                          Acting United States Attorney

                                  By: */s/ Charles D. Fox*
                                          CHARLES D. FOX
                                          Special Assistant U.S. Attorney
                                          United States Attorney's Office
                                          219 South Dearborn Street
                                          Chicago, Illinois 60604
                                          (312) 886-0973

Date: January 29, 2024